WISCONSIN PATIENTS COMPENSATION FUND, Plaintiff-Respondent,

v.

ST. PAUL FIRE & MARINE INSURANCE COMPANY, Defendant-Appellant.†

Court of Appeals

No. 83–757. *Submitted on briefs January 16, 1984.—Decided April 17, 1984.*
(Also reported in 349 N.W.2d 719.)

For the appellant the cause was submitted on the brief of *Menn, Nelson, Sharratt, Teetaert & Beisenstein, Ltd.,* and *Peter S. Nelson* of Appleton.

For the respondent the cause was submitted on the brief of *Doar, Drill & Skow, S.C.,* and *Thomas D. Bell* of New Richmond.

Before Foley, P.J., Dean and Cane, JJ.

FOLEY, P.J.    St. Paul Fire and Marine Insurance Company appeals from a judgment requiring it to pay a

† Petition to review dismissed.

$412,500 settlement of a medical negligence claim against three of its insureds who were members of the same service corporation. Both St. Paul and the Wisconsin Patients Compensation Fund paid part of the settlement, and the judgment grants the Fund recovery from St. Paul of the amount it paid. Because ch. 655, Stats., does not limit the combined liability of physicians in a service corporation to $200,000 per claim as St. Paul argues, we affirm the judgment.

A medical negligence claim against a Wisconsin physician is subject to ch. 655. Section 655.007, Stats. Chapter 655 creates patients compensation panels, sec. 655.02, Stats., and an injured patient may not start a court action on a claim against a physician without first submitting the claim to a panel. Section 655.04(1)(b), Stats. The panel determines questions of negligence and damage, sec. 655.065, Stats., and its decision may be binding on the parties. Section 655.07, Stats. The panel in this case found the three physicians negligent in causing the patient's injuries.[1]

If St. Paul's three insureds were not members of the same service corporation, each would be liable to the patient for up to $200,000. *See* secs. 655.001(8) and 655.23, Stats. This would more than cover the patient's $412,000 settlement without any one physician having to pay more than $200,000.[2] The patient would then have no need to claim against the Fund as authorized by sec. 655.27, Stats., and the Fund would pay nothing.

We find no legislative intent in ch. 655 to change this result simply because the physicians have formed a ser-

---

[1] The panel did not apportion negligence among the three physicians, and no question of apportionment was raised in the circuit court. We therefore need not decide whether a judgment or settlement for contribution might change our result.

[2] Without an apportionment of negligence, St. Paul cannot prove that any of its insureds was responsible for more than $200,000 of the patient's settlement.

vice corporation.[3] If a physician could reduce liability by incorporating, the liability of the Patients Compensation Fund would anomalously depend on a physician's choice of whether to do business alone or with other physicians.

We reject St. Paul's contention that there would be no purpose for the 1975 amendment of sec. 655.001(8) to include service corporations within the definition of "health care provider" unless the combined liability of the physicians within the corporation is limited to $200,000. This contention overlooks one obvious purpose of the amendment. By including service corporations within the definition of "health care provider," a patient can no longer avoid the panel by suing the corporation directly for its vicarious liability.

Section 655.23(5m), Stats., which limits the joint liability of the physician and the physicians' service corporation to $200,000, also lends no support to St. Paul's position. This section does not indicate a legislative intent to permit a physician to reduce liability by incorporating; it merely limits the corporation's liability.

*By the Court.*—Judgment affirmed.

---

[3] Incorporation does not alter tort relationships between patients and members of a service corporation. Section 180.99(8), Stats.